Case 1:11-cv-01786-MJS   Document 50   Filed 06/19/14   Page 1 of 14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YOLANDA GORDILLO, et al.,** | 1:11-cv-01786 MJS |
| Plaintiffs, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS** |
| v. | |
| **FORD MOTOR COMPANY,** | **(Doc. No. 44)** |
| Defendant. | |

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's motion for attorneys' fees and costs under the Song-Beverly Consumer Warranty Act (Song-Beverly Act).[1] The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 14, 17.)

On September 18, 2013 the parties field a notice of settlement. (ECF No. 35.) Having reached settlement on all other aspects of this case the parties filed the instant fees and costs motion on February 20, 2014. For the reasons below, Plaintiffs' motion is granted in part and denied in part.

---

[1] The Song-Beverly Act is set forth in California Civil Code section 1790 et seq. The attorney fee provision thereof is found in section 1794, subdivision (d).

1

## II. **FACTUAL BACKGROUND**

Plaintiffs Yolanda Gordillo and Gabriel Preciado ("Plaintiffs") purchased a 2008 Ford F250 truck on November 27, 2007 from Westside Ford in Firebaugh, California. The sale price of the vehicle was $60,264.28. The parties contest the amount of repairs that occurred prior to initiation of this action, but Defendant Ford Motor Company admits that the truck was in for service for fifty-seven (57) days. On October 24, 2011, Plaintiffs filed the instant lawsuit seeking restitution pursuant to the Song-Beverly Act.

After extended attempts at dispute resolution, the parties reached settlement on all aspects of the case in January 2013. (Kavicky Decl., Ex. C at 68-81, ECF 44-2 ("Settlement Agreement").) Defendant agreed to pay Plaintiffs $45,151.59, "exclusive of attorneys' fees, costs and expenses. (Id.) In exchange, Plaintiffs were to surrender the vehicle. (Settlement Agreement at 2.0(a).) As part of the settlement, the parties agreed that Plaintiffs were the prevailing parties for purposes of the Song-Beverly Act and that Defendant Ford Motor Company ("Defendant") would be responsible for Plaintiffs' reasonable attorneys' fees and costs. (Id.)

On February 20, 2014, Plaintiffs filed the instant motion for attorneys' fees and costs requesting $80,632.01. (ECF No. 44-1.) Defendant filed an opposition to the motion on March 14, 2014. (ECF No. 46.) Defendant argues not that Plaintiff is not the prevailing party entitled to be reimbursed reasonable fees and costs, but that the amount Plaintiff requests is excessive and should be reduced to $33,061.33. (Opp'n, ECF 46 at 1.) Plaintiffs filed a reply on March 21, 2014. On March 25, 2014, the Court took the case under submission without oral argument. (ECF No. 49.) The matter stands ready for adjudication.

## III. **LEGAL STANDARD**

State law establishes the required showing for attorney's fees in an action in diversity. Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 827 (9th Cir. 2009) (citing Kern Oil & Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1388-89 (9th Cir. 1986). State law also determines the method of calculating the fees. Mangold v.

1  California Pub. Utils. Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995); see also Collado v.
2  Toyota Motor Sales, U.S.A., Inc., 550 Fed. Appx. 368, 369-370 (9th Cir. 2013)
3  ("[B]ecause the court exercised diversity jurisdiction over this matter, state law governs
4  both the right to recover attorney's fees and the computation of their amount."). In this
5  case, California law governs.

6  Under California law, the trial court has discretion to determine what constitutes
7  reasonable attorneys' fees. PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1096, 95 Cal. Rptr.
8  2d 198, 997 P.2d 511, 519 (2000) (internal citation omitted). "[T]he fee setting inquiry in
9  California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably
10 expended multiplied by the reasonable hourly rate." Ctr. For Biological Diversity v. Cnty.
11 of San Bernardino, 188 Cal. App. 4th 603, 616, 115 Cal. Rptr. 3d 762, 772-73 (2010).
12 "California courts have consistently held that a computation of time spent on a case and
13 the reasonable value of that time is fundamental to a determination of an appropriate
14 attorneys' fee award." Id. (internal citation omitted).

15 California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 et seq.,
16 provides that a prevailing buyer "shall be allowed by the court to recover as part of the
17 judgment a sum equal to the aggregate amount of costs and expenses, including
18 attorney's fees based on actual time expended, determined by the court to have been
19 *reasonably incurred* by the buyer in connection with the commencement and prosecution
20 of such action." Cal. Civ. Code § 1794(d) (emphasis added). The inquiry is "whether
21 under all the circumstances of the case the amount of actual time expended and the
22 monetary charge being made for the time expended are reasonable." Nightingale v.
23 Hyundai Motor Am., 31 Cal. App. 4th 99, 104, 37 Cal. Rptr. 2d 149 (1994); see also
24 Doppes v. Bentley Motors, Inc., 174 Cal. App. 4th 967, 998, 94 Cal. Rptr. 3d 802 (2009).
25 "If the time expended or the monetary charge being made for the time expended are not
26 reasonable under all the circumstances, then the court must take this into account and
27 award attorney fees in a lesser amount." Nightingale, 31 Cal. App. 4th at 104; see also
28 Levy v. Toyota Motor Sales, U.S.A., Inc., 4 Cal. App. 4th 807, 815-16, 5 Cal. Rptr. 2d

770 (1992) (prevailing party not necessarily entitled to all claimed attorneys' fees).

Plaintiffs, as the prevailing buyers, bear the burden of demonstrating all of the following: "the [attorneys'] fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." Nightingale, 31 Cal. App. 4th at 104 (quoting Levy, 4 Cal. App. 4th at 816) (internal quotation marks omitted). The Court retains discretion to reduce the fee award where fees were not reasonably incurred. See Ketchum v. Moses, 24 Cal. 4th 1122, 1132, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001) ("'[P]adding' in the form of inefficient or duplicative efforts is not subject to compensation."); Gorman v. Tassajara Dev. Corp., 178 Cal. App. 4th 44, 101, 100 Cal. Rptr. 3d 152 (2009) ("A reduced [attorneys' fees] award might be fully justified by a general observation that an attorney overlitigated a case or submitted a padded bill or that the opposing party has stated valid objections.").

## IV. ANALYSIS

As stated, the parties agree that Plaintiffs are entitled to attorneys' fees, but dispute the amount. The main points of contention raised by the parties are whether some of the time billed, such as travel time or vague billing entries, were excessive; whether the hourly rates demanded are reasonable; whether Plaintiffs are entitled to a fee multiplier; and whether the cost reimbursement requested was reasonable.

### A. Number of Hours Worked

Plaintiffs assert that counsel billed 163 hours litigating the matter to settlement. (ECF No. 44-1, "P&A's" at 9.) Specifically, attorney Brian Bickel billed 8 hours; attorney Ericka Kavicky billed 100.3 hours; attorney Brian Cline billed 10.1 hours; attorney Larry Chae billed 12 hours; and paralegals Dominic Kingdamo, Karla Turegano, and Galyn Homes collectively billed 32.1 hours.[2] (Kavicky Decl., Ex. A.) Defendants specifically object to certain instances of vague and block billing; duplicative billing, and excessive

---

[2] In addition, one billing entry on January 8, 2014 was to a timekeeper initialed "KF" for .5 hours. Plaintiffs did not list any attorney or paralegal by those initials. As Plaintiffs did not provide factual support for that timekeeper, that time is reduced from the request.

4

time spent traveling from San Diego to the Central Valley for depositions and vehicle inspections.

### 1. Vague and Block Billing

Defendant alleges that some of the block billing entries should be reduced because they do not allow for a proper determination of whether the time spent was reasonable. Defendant specifically cites to the first billing entry for attorney Brian Cline. The entry covers 10.1 billable hours spent over the course of four days, October 19-21, 2011, and states:

> All services rendered from October 19, 2011 to October 21, 2011, prior to the preparation of the complaint in this matter, including all communications with clients, including, but not limited to, case facts, merits of case, applicability of Song-Beverly to case facts, clients' contacts to defendant, attorney-client fee agreement, contingency fee arrangement, and pertinent evidentiary documentation; attorney review of clients' repair orders, purchase contract, current registration, vehicle payment information, and incidental damages; the preparation of Attorney-Client fee agreement; and computation of client's actual damages.

The Court agrees with Defendant with regard to this time entry. While it is reasonable for counsel to have met and consulted with the client to obtain relevant documents and information, Plaintiffs' counsel provides too little information to allow the Court to credit such a significant amount of time billed over a four day period. The Court therefore reduces the amount of the time billed by roughly half, to five hours, a reasonable amount of time to meet and evaluate a prospective client and case and initiate the attorney client relationship.

While other entries by Plaintiffs' counsel consist of multiple activities, they are reasonably specific, and appear to be focused on activities relating directly to the litigation. Accordingly, the Court declines to reduce other entries based on vagueness.

### 2. Duplicative Billing

While Defendant complains of "padded and redundant" billing, it only refers to one instance of such alleged conduct. In that example, Mr. Bickel reviewed and revised the instant attorneys' fees motion and related documents. (See Opp'n at 14.) Defendant asserts that it was redundant to have Mr. Bickel review the work of Ms. Kavicky, an

experienced attorney. (Id.) However, upon review, Mr. Chae, a fourth year associate, drafted the fees motion. (Kavicky Decl., Ex. A.) Review of the work of a fourth year associate is appropriate. The court finds the review of the fees motion reasonable, and not subject to reduction.

### 3. Travel Time

In general, the costs of attorney travel are included as "expenses," including an amount for the time the attorney spends in transit. See Int'l Woodworkers, Local 3-98 v. Donovan, 792 F.2d 762, 767 (9th Cir. 1986) ("'Expenses' includes those that are normally billed a client, such as telephone calls, postage, and attorney travel expenses."). In determining what hours can reasonably be compensated by the lodestar analysis, courts have sometimes reduced hours billed for time spent traveling. See In re Washington Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1299 (9th Cir. 1994) (affirming reduction in travel time award by fifty percent due to the inevitable "distractions associated with travel" that likely reduced attorneys' effectiveness); Alnutt v. Cleary, 27 F. Supp. 2d 395, 400 (W.D.N.Y. 1998) (reducing travel time by fifty percent); Hiram C. v. Manteca Unified Sch. Dist., No. S-03-2568 WBS KJM, 2004 U.S. Dist. LEXIS 29177, 2004 WL 4999156, at *2 (E.D. Cal. Nov. 5, 2004) (affirming award for travel time at less than fifty percent of ordinary hourly rate).

However, in the Eastern District of California, courts have generally compensated attorneys at their full hourly rate for travel time. See, e.g., Jones v. Cnty. of Sacramento, No. CIV S-09-1025 DAD, 2011 U.S. Dist. LEXIS 89971, 2011 WL 3584332, at *15 (E.D. Cal. Aug. 12, 2011) (awarding three hours of travel time from Sacramento to San Jose and back to conduct deposition at full rate); Jones v. McGill, No. 1:08-CV-00396-LJO-DLB, 2009 U.S. Dist. LEXIS 59636, 2009 WL 1862457, at *3 (E.D. Cal. June 29, 2009) (awarding fifteen hours of travel time for meetings with experts and witnesses at full rate); Davis v. Sundance Apartments, No. CIV. S-07-1922 FCD GGH, 2008 U.S. Dist. LEXIS 73679, 2008 WL 3166479, at *5 (E.D. Cal. Aug. 5, 2008) (awarding six hours of travel time at full rate). Thus, so long as the amount of time spent traveling is

1 reasonable, and the meeting or event to which the attorney is traveling is necessary to
2 the case, the court will award compensation of travel time at the attorney's full hourly
3 rate.

4 Here, it appears that Plaintiffs' counsel made three separate trips for vehicle
5 inspections and depositions. The court finds that the amount of time requested for travel
6 is reasonable given that the attorneys on the case work in San Diego, and traveled only
7 to attend necessary depositions and vehicle inspections. As it is common practice to
8 compensate travel time at the full hourly rate in the Eastern District of California, and
9 because the meetings to which Plaintiffs' attorneys traveled were not objectionable in
10 nature, the court declines to reduce the fee award for time spent traveling.

### 4. Projected Time to Draft Reply

12 Finally, Defendant challenges the time Plaintiffs estimated would be necessary to
13 draft a reply to the opposition to the fees motion. Plaintiffs projected, and requested
14 reimbursement for, ten hours of time for drafting the reply to the fees motion plus two
15 hours for appearing at the hearing. The Court finds the ten hour estimate reasonable.[3]
16 Since there was no hearing on the motion, Plaintiffs' request shall be reduced by the two
17 hours estimated for attending that hearing.

### B. Hourly Rates

19 "Generally, the reasonable hourly rate used for the lodestar calculation is that
20 prevailing in the community for similar work." Ctr. For Biological Diversity, 188 Cal. App
21 4th at 616. After determining the reasonable hourly rate for comparable legal services in
22 the community, courts may adjust that amount based on the following factors: "(1) the
23 novelty and difficulty of the questions involved, (2) the skill displayed in presenting them,
24 (3) the extent to which the nature of the litigation precluded other employment by the
25 attorneys, (4) the contingent nature of the fee award." Ketchum v. Moses, 24 Cal.4th
26 1122, 1132, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001). "[T]he purpose of such

---

[3] However, the Court notes that it would have been more conscientious and enlightening if Plaintiffs' counsel had stated the amount of time spent on the reply in the declaration attached thereto.

7

adjustment is to fix a fee at the fair market value for the particular action." Id. "The burden is on the party seeking attorney fees to prove that the fees it seeks are reasonable." Ctr. For Biological Diversity, 188 Cal. App. 4th at 615.

Plaintiffs assert that the fee award should be based on the following rates: Brian Bickel - $435.00 per hour; Ericka Kavicky - $355-385.00[4] per hour; Brian Cline - $295 per hour; Larry Chae - $295 per hour; and paralegals Dominic Kingdamo, Karla Turegano and Galyn Homes - $125 per hour. Plaintiffs assert that counsel's hourly rates are at or below prevailing market rates, are comparable to the hourly rates of similar attorneys, and have been routinely upheld by courts in California. Defendant contends that the hourly rates charged by Plaintiffs' counsel are unreasonable and should be reduced.

Both parties provide evidence in the form of declarations of other attorneys regarding their respective billable rates. Plaintiffs' provide the declarations of Michael Vachon and Jon Jacobs. (See Kavicky Decl., Exs. L-M.) The Vachon declaration sets forth his survey of eleven other consumer attorneys throughout California whose billable rates range from $675 to $475 per hour. (Kavicky Decl., Ex. L at 7.) The Jacobs declaration states that he believes that his rate ($425 per hour) and that of his associate attorney ($350 per hour) are reasonable for Song-Beverly matters in Sacramento County. (Kavicky Decl., Ex. M at 1-2.) In response, Defendant provides declarations of attorneys defending consumer litigation matters. (See ECF No. 46-2.) All of the attorneys stated that they billed at most $250 per hour. (Id.) Neither party addresses the prevailing rates in the instant forum, the Eastern District of California, Fresno Division.

The Court finds the sources provided by the parties not particularly enlightening in determining hourly rates prevailing in the forum in which this Court sits, i.e., the Eastern District of California, Fresno Division.

The Court thus examines rate determinations in other cases before this Court.

---

[4] Ms. Kavicky's billing rate increased each year she was involved in the litigation of this matter. Her billable rate increased from $355 in 2011 to $385 in 2013.

1   Here, courts have found that $375.00 per hour to be the top rate for a senior lead
2   attorney in the Fresno area. <u>Luna v. Hoa Trung Vo</u>, No. 1:08-cv-01962-AWI-SMS, 2011
3   U.S. Dist. LEXIS 56427, 2011 WL 2078004, at *5 (E.D. Cal. May 25, 2011) (attorney with
4   more than 40 years' experience and specializing in disability related litigation); see also
5   <u>Joe Hand Productions, Inc. v. Garl</u>, 2013 U.S. Dist. LEXIS 125613, 2013 WL 4736826,
6   at *3 (E.D. Cal. Sept. 3, 2013) ($350.00 per hour is reasonable hourly rate for very
7   experienced and skilled trial attorney within the Fresno Division of the Eastern District
8   and awarding attorney with twenty years' experience $350.00 per hour); <u>Williams v.
9   Ruan Transport Corp.</u>, No. 13-cv-01157-LJO, 2013 U.S. Dist. LEXIS 176327, 2013 WL
10  6623254, at *6 (E.D. Cal. Dec. 16, 2013) (Court awarded $375.00 per hour to attorney
11  with over thirty years of experience and $325.00 per hour to attorney with fifteen years of
12  experience in employment action).

13  Courts in the Fresno Division have found that the reasonable hourly rates for
14  competent attorneys with less than ten years of experience are $250 to $300 per hour.
15  <u>White v. Rite of Passage Adolescent Treatment Centers and Schools</u>, No. 1:13-cv-
16  01871-LJO-BAM, 2014 U.S. Dist. LEXIS 20697, 2014 WL 641083, at *5 (E.D. Cal. Feb.
17  18, 2014) (awarding $300.00 per hour for counsel with six years of experience in
18  representative action under the California Private Attorney General Act of 2004); <u>see
19  Jones v. Lehigh Southwest Cement Co., Inc.</u>, No. 1:12-cv-00633-AWI, 2014 U.S. Dist.
20  LEXIS 11771, 2014 WL 346619, at *6 n.3 (E.D. Cal. Jan. 30, 2014) (awarding $280.00
21  and $215.00 per hour in employment action); <u>Ramirez v. Merced County</u>, No. 1:11-cv-
22  00531-AWI-DLB, 2013 U.S. Dist. LEXIS 127026, 2013 WL 4780440, at *9 (E.D. Cal.
23  Sept. 5, 2013) (awarding $350.00 per hour to attorney with more than 30 years of
24  experience and $250.00 for attorney with 14 years of experience); <u>Jadwin v. County of
25  Kern</u>, 767 F.Supp.2d 1069, 1134 (E.D. Cal. 2011) (awarding hourly rates of $350.00 for
26  attorney with 14 years of experience, $275.00 for attorney with 11 years of experience,
27  and $295.00 for contract attorney with 18 years of experience in employment action).
28  In this case, Mr. Bickel has been a member of the California State Bar since 1999.

(Kavicky Decl., ¶ 25.) Mr. Bickel has represented thousands of California consumers with Song-Beverly claims in the last fourteen years. (Id.) Based on his fourteen years of experience, the Court finds that an hourly rate of $300.00 is reasonable based upon his efforts in this action.

Ms. Kavicky has been a member of the California State Bar since 2003. (Kavicky Decl., ¶ 25.) Ms. Kavicky represents that she has tried over fifty trials. (Id.) Based on her ten years of experience, the Court finds that an hourly rate of $275.00 is reasonable based upon her efforts in this action.

Mr. Cline has been a member of the California State Bar since 2006. (Kavicky Decl., ¶ 25.) Mr. Cline has tried eight lemon law cases to verdict. (Id.) Based on his five years of experience at the time he worked on this matter, the Court finds that an hourly rate of $200.00 is reasonable based upon his efforts in this action.

Mr. Chae has been a member of the California State Bar since 2010. (Kavicky Decl., ¶ 25.) Mr. Cline has tried five lemon law cases to verdict. (Id.) Based on his four years of experience, the Court finds that an hourly rate of $200.00 is reasonable based upon his efforts in this action.

Finally, the court finds the hourly rate of $125 reasonable for paralegal work performed on this matter.

Based on the above determination of billable rates and time worked, the Court calculates the amount of attorney fees owed as follows:

| Timekeeper: | Adjusted Billable Rate: | Adjusted Hours Worked: | Total: |
| --- | --- | --- | --- |
| Brian Bickel | $300 | 8 | $2,400.00 |
| Ericka Kavicky | $275 | 110.4[5] | $30,360.00 |
| Brian Cline | $200 | 5 | $1,000.00 |
| Larry Chae | $200 | 12 | $2,400.00 |

---

[5] This amount includes the additional ten hours of work estimated for drafting the reply brief.

| Paralegals | $125 | 32.1 | $4,012.50 |
|---|---|---|---|
|  |  | **TOTAL FEES:** | **$40,172.50** |

### C. Multiplier Award

Under California fee-shifting provisions, once the lodestar is calculated, courts have discretion to make upward or downward adjustments to the merits lodestar based on consideration of certain factors, including the novelty and difficulty of the questions involved, the skill displayed in presenting them, the extent to which the nature of the litigation precluded other employment by the attorneys, and the contingent nature of the fee award. Ketchum, 24 Cal. 4th at 1132-1134. The purpose of a lodestar adjustment is to "fix the fee at the fair market value for the particular action" by determining "whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar." Id.

The lodestar for fees work may also be adjusted based on similar factors. Graham, 34 Cal. 4th at 581-584. Additional factors that may be considered to enhance the lodestar on fees include: delay in payment, extraordinary difficulties caused by the opposition to the fee motion, and contingent risk. Id. When a multiplier is applied to the fees lodestar, however, it should be lower than that applied to the merits lodestar because the contingent risk of nonpayment is not as great as the risk taken by an attorney in initially deciding to pursue the merits of a case. Id. at 582-83.

Plaintiffs' counsel requests an enhancement of a .2 multiplier based on the delay in payment based on the fact that litigation took two years, and that counsel expended over $8,000 in costs on Plaintiffs' behalf. Further, Plaintiffs' counsel requests an enhancement of a .1 multiplier based on counsels' expertise and the results obtained. Defendant objects and asserts that fee multipliers are not allowed under. Cal. Civil Code § 1794(d).

First, Defendant's assertion is incorrect. At least one California Appellate court has found fee multipliers apply to Song-Beverly Act cases. See Robertson v. Fleetwood Travel Trailers of California, Inc., 144 Cal. App. 4th 785, 822 (Cal. App. 2006).

Additionally, the relevant time at which to assess the contingent risk facing Plaintiffs is the onset of litigation, at which point Plaintiffs faced the risk of not prevailing on the merits even when considering Defendant's willingness to negotiate. Such risk is not compensated in calculating the lodestar under state law, as "the unadorned lodestar reflects the general local hourly rate for a fee-bearing case; it does not include any compensation for contingent risk." Ketchum, 24 Cal. 4th at 1138. The Court will therefore consider contingent risk as a factor in enhancing the total lodestar for Plaintiffs' counsel's work on the merits of Plaintiffs' claims.

Plaintiffs' counsel improperly requests an enhancement based on exceptional skill or results obtained. A "multiplier for exceptional representation" should only be awarded by the trial court "when the quality of representation far exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation." Ketchum, 24 Cal. 4th at 1139. A multiplier may also be applied "where an exceptional effort produced an exceptional benefit." Graham, 34 Cal. 4th at 582. Based on the Court's experience with this case, Plaintiffs' counsel falls short of meeting these standards. Counsel did obtain a positive result for Plaintiffs, however, the Court finds that Plaintiffs' counsel displayed only comparable rather than exceptional skills to other attorneys with similar experience and billing rates and, similarly, that the results obtained in this case were not exceptional. Accordingly, Plaintiffs' counsel's skill and the results obtained shall not be used as factors to enhance the lodestar in this case.

Based on the above discussion, the Court awards a multiplier to compensate for contingent risk only. A 1.1 multiplier, or ten percent increase, will be applied to the lodestar for counsel's work on the matter. The Court makes these enhancements based on its understanding of this litigation, and the multipliers are designed to fix the fee award at the fair-market value for this particular action. While the Court recognizes that the awarded multiplier is lower than Plaintiffs requested, the Court does not believe the circumstances of this case warrant a high multiplier. Although Plaintiffs' counsel did

1  assume some risk in this case, Plaintiffs' counsel practice constitutes entirely of lemon
2  law litigation matters. Accordingly, Plaintiffs' counsel experience allows counsel to be
3  keenly aware of the risks involved in such matters. This is not a case where an attorney
4  takes a novel action where the results are completely uncertain. Moreover, this case was
5  not especially protracted and, as discussed above, the Court finds neither counsel's skill
6  nor the results obtained in this case to be exceptional enough to enhance the lodestar.

7  Based on the 1.1 multiplier, Plaintiffs' counsel is entitled to an additional
8  $4,017.25 in attorneys' fees, for a total of $44,189.75.

9  **D.   Costs**

10  Defendant objects to reimbursement of expert witness fees and travel
11  reimbursement as costs. (See Opp'n at 14-15.) Defendant argues that expert witness
12  fees are not allowable costs enumerated under California Code of Civil Procedure §
13  1033.5. However, "[t]he [California] Legislature has expressly authorized the shifting of
14  expert witness fees as costs in certain types of actions. Sanchez v. Bay Shores Medical
15  Group, 75 Cal. App. 4th 946, 949 (1999) (citing Jensen v. BMW of North America, Inc.,
16  35 Cal. App. 4th 112, 138 (1995)). Specifically, California courts have found expert
17  witness fees permissible for actions brought under the Song-Beverly Act. Jensen, 35
18  Cal. App. 4th at 138 ("The legislative history indicates the Legislature exercised its
19  power to permit the recovery of expert witness fees by prevailing buyers under the Act.").
20  Plaintiffs' counsel is entitled to costs relating to the retention of the expert witness.

21  Defendant also objects to the travel expenses occurred. While arguing that such
22  expenses are not recoverable, Defendant provides no legal authority for the proposition.
23  Moreover, California law allows for "travel expenses to attend depositions." Cal. Code
24  Civ Proc. § 1033.5(a)(3). The Court finds Defendant's arguments unpersuasive. Upon
25  review of the costs sought by Plaintiffs' counsel, the Court finds the request reasonable,
26  and awards the full amount, $8,171.11 sought in costs and expenses. (Kavicky Decl.,
27  Ex. A, ECF No. 44-2 at 28-30.)

28

## V.     **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion is granted in part and denied in part. The Court awards Plaintiff $44,189.75 in fees and $8,171.11 in costs.

IT IS SO ORDERED.

Dated:    June 19, 2014                                    /s/ *Michael J. Seng*
                                                                            UNITED STATES MAGISTRATE JUDGE